IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JORGE A. DIAZ, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | No. 4:19-CV-529-Y |
| § | |
| ERIC D. WILSON, Warden, § | |
| FMC-Fort Worth, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241, by Petitioner, Jorge A. Diaz, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. The Bureau of Prisons website reflects that Petitioner is no longer confined in FMC-Fort Worth and is currently confined at RRM-Miami in Miami, Florida. Petitioner has not notified the Court of his change of address. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

In his petition, Petitioner challenges a 2018 disciplinary proceeding conducted at FCC-Yazoo City and the resultant sanctions. (Pet. 5-6, doc. 1.) He was charged in Incident Report No. 3138191 with possession of a hazardous tool (cell phones), a code 108 violation. (Resp't's App. 9, doc.) The incident report alleged the following:

> On 06/230/2018 [sic], at approximately 9:08 a.m., I, Officer V. White, conducted a cell search of inmate Diaz, Jorge's Reg. No. 44224-004 secured locker in a false shelf were two black Samsung Galaxy telephones . . ., battery, white wall charger, black USB cord and a black DoSHin power bank . . . . The locker was identified as inmate Diaz's, Jorge Reg. No. #44224-004 because locked inside were his personal items . . . such as legal documents, mail, and photographs with his name and register number written on the items.

(Id. at 9.)

Petitioner received advance notice of the charges, was advised of his rights, and attended a disciplinary hearing on June 28, 2018, after which the disciplinary hearing officer (DHO) found that Petitioner committed the violation. (Resp't's App. 13, 17-18, doc. 8.) During the hearing, Petitioner waived his rights to have staff representation and to call witnesses, refused to either admit or deny the charges, declined to give a statement, and did not have any documentary evidence to present. (Id. at 13-14.) The DHO based her decision on the "greater weight of the written [incident] report," including the reporting officer's eyewitness statement, a photograph of the cell phones, and the prison's chain-of-custody log. (Id. at 13-16.) Based on the evidence, the DHO found that Petitioner committed the violation. (Id. at 13.) The DHO's sanctions included the loss of 41 days of good-time credit, 30 days of disciplinary segregation, 120 days' restriction on phone and visitation privileges, and a $50 monetary fine. (Id. at 14.) The DHO's report was subsequently amended to reflect a $300 monetary fine. (Id. at 19.) Petitioner received a copy of the DHO's findings

on July 2, 2018, and again on November 1, 2018, after the amended report was issued. (Id. at 14, 19.)

## II. ISSUES

Petitioner raises four grounds for relief in which he claims his right to due process was violated for the following reasons:

(1) he was not permitted his procedural right to present evidence in support of his defense;

(2) the Bureau of Prisons (BOP) applied the "presumptive constructive possession of contraband against [him] without providing him notice that the possession of contraband would be considered strict liability regardless of knowledge";

(3) the BOP found him "guilty of the prohibited act when there was no evidence that he knowingly had ownership, dominion, or control over the contraband or the premises in which the contraband was located"; and

(4) the BOP first found him "accountable for a $50 monetary fine during the disciplinary hearing and then switch[ed] the monetary fine to $300 in the amended DHO report."

(Pet. 5-6, doc. 1.) He seeks a new disciplinary hearing. (Id. at 7.)

## III. DISCUSSION

Federal habeas relief can be had only where the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution. *See Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000). With regard to disciplinary segregation, temporary phone and visitation

3

restrictions, and imposition of a monetary fine, all of which do not challenge the fact or duration of Petitioner's confinement, no protected due-process liberty interest is implicated.[1] *See Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Ghiotto v. Cockrell,* No. 3:01-CV-807-L, 2003 WL 21467567, at *1 (N.D. Tex. June 23, 2003). Accordingly, to the extent that he complains of those sanctions, he fails to state a claim for due-process violations.

On the other hand, where a prison disciplinary hearing results in the loss of good-time credits, constitutional due process requires that the inmate receive (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). "Some evidence" in support of the DHO's decision is all that is required. *Hill,* 472 U.S. at 455. A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence. *Id.* at 455. It is the role of the DHO to determine the weight and credibility of the evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A

---

[1] The proper vehicle for attacking the imposition of a fine against his inmate account is a civil-rights action under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388 (1971); *Pfeil v. Freudenthal,* 281 F. App'x 406, 2008 WL 2416291, at *2 (5th Cir. June 16, 2008).

federal court may act only where arbitrary or capricious action is shown--in other words, "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994).

Petitioner claims that he was not permitted to present evidence in support of his defense; however he declined the opportunity to give a statement, call witnesses, or present any documentary evidence. (Resp't's App. 14.) Petitioner claims that he had no knowledge of any phones and that 150 inmates were in the dormitory who had access to all areas. (Pet. 5.) A person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located. *United States v. Fambro,* 526 F.3d 836, 839 (5th Cir. 2008). In the prison disciplinary context, constructive possession provides sufficient evidence of guilt if relatively few inmates have access to the area. *Flannagan v. Tamez,* 368 F. App'x 586, 2010 WL 759159, at *2 (5th Cir. Mar. 5, 2010). Although Petitioner contends that he had no knowledge of the contraband and that 150 inmates had access to the "dormatory" area, the reporting officer specifically noted in the incident report that the contraband was discovered in a "secured locker in a false shelf" in Petitioner's cell and that the locker contained his personal legal documents, photographs, and mail. (Resp't's App. 14.) The incident report, standing alone, is

sufficient to constitute some evidence in support of the guilty determination. *Hill*, 472 U.S. at 454. Under these circumstances, this is not a case where the record is devoid of any evidence to support the DHO's decision, and this Court is not free to retry the disciplinary charge. The dictates of *Wolff* were met in this case, and the DHO's finding was not unfounded, arbitrary or capricious.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. The clerk of Court is directed to send Petitioner a copy of this opinion and order and the final judgment to his address of record and to RRM Miami, 401 N. Miami Avenue, Miami, Florida 33128.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of his constitutional

claims. Therefore, a certificate of appealability should not issue.

SIGNED February 26, 2020.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE